ANN WALSH BRADLEY, J.
¶ 109. (concurring). Contrary to the majority, I conclude that it was error to exclude the defendant's testimony. I agree with the dissent that the circuit court's interest in enforcing its evidentiary ruling did not justify a complete denial of the defendant's right to testify.
¶ 110. However, like the majority, I determine that any error was harmless. The evidence of the defendant's guilt was substantial. The gruesome na *161 ture of the offense and extent of the victim's injuries appear to undermine the defendant's claim of self-defense. Several witnesses testified that the defendant threatened to kill the victim with an ice pick. One witness also testified that the defendant admitted to killing the victim because she was cheating on him. Given the evidence, I am satisfied beyond a reasonable doubt that the error was harmless. Accordingly, I concur.